**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4727**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARCHIE FULTON MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, District Judge.  (CR-03-374)

Submitted:  June 26, 2006          Decided:  July 19, 2006

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Anne R. Littlejohn, LAW OFFICE OF ANNE R. LITTLEJOHN, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Archie Fulton Moore pled guilty pursuant to a plea agreement to one count of conspiracy to distribute in excess of fifty grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A) (2000). He was sentenced to 260 months in prison and ten years of supervised release. On appeal, Moore's counsel asserts that Moore's sentence was imposed in violation of United States v. Booker, 543 U.S. 220 (2005). Moore has filed a pro se supplemental brief in which he claims that he received ineffective assistance of counsel and that his sentence violated his rights under the Sixth Amendment. We affirm Moore's conviction but vacate and remand for resentencing.

Because Moore failed to challenge his sentence in the district court, we review his sentence for plain error. See United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). In Booker, the Supreme Court held that the mandatory guidelines scheme that provided for sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 543 U.S. at 244. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guidelines range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting

forth appellate standards of review for guideline issues), thereby making the guidelines advisory.  <u>Hughes</u>, 401 F.3d at 546.

We conclude that the enhancement to Moore's sentence based on drug quantity was error under the Sixth Amendment as applied in <u>Booker</u>, because the facts supporting this enhancement were not alleged in the indictment or admitted by Moore.[*]  Based on the facts presented in the indictment, Moore was responsible for in excess of fifty grams of cocaine base, resulting in a total offense level of thirty-two, instead of the level thirty-five used by the district court.  Together with a criminal history category of IV, Moore's guideline range would be 168 to 210 months of imprisonment. Because Moore's offense carried a mandatory minimum sentence of 240 months, 240 months became the guideline sentence under USSG § 5G1.1(b).  The 260-month sentence imposed does not fall within the guidelines range calculated without the improper enhancement. Accordingly, Moore's sentence constitutes plain error that affects his substantial rights and requires resentencing pursuant to <u>Booker</u> and <u>Hughes</u>.

As to Moore's assertion that he received ineffective assistance of counsel, such claims are generally not cognizable on

---

[*]Just as we noted in <u>Hughes</u>, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Moore's sentencing. <u>See</u> <u>generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

direct appeal.  To allow for adequate development of the record, a defendant must bring an ineffective assistance of counsel claim in a 28 U.S.C. § 2255 (2000) motion, unless the record conclusively establishes his rights to relief.  United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  We find no conclusive evidence of ineffective assistance on the record before us.

We therefore affirm Moore's conviction but vacate his sentence and remand for resentencing consistent with Booker and its progeny.  We grant Moore's motion to file a pro se supplemental brief.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART