**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-5246**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARCHIE FULTON MOORE,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:03-cr-00374-WLO)

---

Submitted:  May 2, 2008                    Decided:  May 12, 2008

---

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Anne R. Littlejohn, LAW OFFICE OF ANNE R. LITTLEJOHN, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case is before us after resentencing on remand. We earlier affirmed Archie Moore's conviction pursuant to his guilty plea to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2000), but vacated his sentence and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). United States v. Moore, 190 F. App'x 319 (4th Cir. 2006) (unpublished).

On remand, the district court held a resentencing hearing in accordance with Booker and sentenced Moore to 240 months' imprisonment, the statutory minimum sentence that Moore could have received because he had previously been convicted of a felony drug offense. See 21 U.S.C. § 841(b)(1)(A). Moore filed a timely pro se notice of appeal.

Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she states that she has found no meritorious issues for appeal because Moore received the statutory mandatory minimum sentence. Because Moore was not eligible for any reduction below the statutory mandatory minimum sentence, we find no error.

In a pro se supplemental brief, Moore asserts that his guilty plea is invalid. The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court," as well as "issues decided by the district court but foregone on

appeal." <u>United States v. Bell</u>, 5 F.3d 64, 66 (4th Cir. 1993). Because we affirmed Moore's conviction in his first appeal, this claim is foreclosed by the mandate rule.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Moore's conviction and sentence. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>